FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8 PM 4:04

Alfred Clayton, Jr.
BLISS, WILKENS & CLAYTON
500 L Street, Suite 200
Anchorage, Alaska 99501
Telephone: 276-2999
Facsimile: 276-2956

Counsel for Plaintiff
Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE COMPANY,

Plaintiff,

vs.

JAMES ALBERT BAILEY, II, and GARY W. DIAS,

Defendants.

Case No. A05-103 CV (JKS)

**ALLSTATE'S OPPOSITION TO BAILEY'S MOTION TO DISMISS AND TO BAILEY'S CROSS-MOTION FOR SUMMARY JUDGMENT and REPLY TO BAILEY'S OPPOSITION TO ALLSTATE'S RENEWED MOTION FOR SUMMARY JUDGMENT**

I. JURISDICTION

A. Amount in Controversy

Defendant James Bailey tendered to Allstate the defense of a state court tort suit filed against Bailey by Defendant Gary Dias. The Dias complaint demanded compensatory damages in excess of $50,000, plus punitive damages, medical and incidental expenses, damages for pain and suffering, and actual attorney's fees. Exh. A, Dias' complaint.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

40

Pursuant to 28 U.S.C. §1332, Allstate filed this declaratory judgment action on May 13, 2005, seeking a declaration that Allstate has no duty to defend or to indemnify James Bailey in connection with Dias' lawsuit. Even based solely on the damages demanded by Dias, Allstate in good faith concluded the amount in controversy exceeded the jurisdictional amount of $75,000 required for diversity jurisdiction. However, the potential indemnity obligation was not the only element making up the jurisdictional amount for Allstate's federal complaint. Allstate's alleged duty to defend Bailey is also at stake, and the costs of defense make it clear the jurisdictional requirement is met.

Allstate, under a reservation of rights, has been paying for the independent counsel defending Bailey in the state court action. As a major liability insurer in the state of Alaska, Allstate was thoroughly familiar with the costs of defending Alaska tort litigation when it filed its declaratory judgment complaint. Bailey's defense costs and fees were in excess of $30,000 by the end of September 30, 2005. Affidavit of Harry Van Guilder dated November 16, 2005.[1] Bailey's defense has

[1] A copy of this affidavit was originally filed as Exhibit K to Allstate's reply to Defendant Dias' opposition to Allstate's Motion For Summary Judgment Based On Criminal Acts Exclusion.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 2 of 16

continued for the two months since that bill, and there are almost three more months before the tort trial is even scheduled to begin.

Allstate properly considered both the alleged indemnity obligation and the costs of Bailey's defense in determining its declaratory judgment complaint complied with the requirements for diversity jurisdiction. Stonewall Ins. Co. v. Lopez, 544 F.2d 198 (5th Cir. 1976); Owners Ins. Co. v James, 295 F. Supp. 2d 1354 (N.D. Ga. 2003); Allstate Ins. Co. v. Dillard, 190 F. Supp. 111 (E.D. Pa. 1960).

The amount in controversy in a diversity action "is measured by the value of the object of the litigation," in this case, the amount at stake for Plaintiff Allstate. 22A Am. Jur. 2d Declaratory Judgments §200. The amount is determined at the time the action commences. Hill v. Blind Ins. and Services of Maryland, 179 F.3d 754 (9th Cir. 1999); Chase Manhattan Bank, N.A. v. American National Bank and Trust Co. of Chicago, 93 F.3d 1064 (2nd Cir. 1996). The federal court is not divested of jurisdiction by changes after the complaint is filed, including if the amount in controversy "subsequently drops below the minimum jurisdiction level." Hill, 179 F.3d at 757, citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). Thus, even if Dias has lately lowered the damages

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 3 of 16

he would accept in settlement of his claims, his recent demands do not affect the Court's jurisdiction.

Defendant bases his argument that the jurisdictional amount is not met by trying to limit the amount at issue in Allstate's action in several unsupportable ways. First, Bailey completely ignores the high and ballooning cost to Allstate of defending Bailey against the Dias' claims. Then, in describing the potential damages at issue, Bailey looks only to one specific figure named in Dias' complaint, ignoring the fact that Dias also demanded punitive damages, among several additional items of damage. Finally, ignoring the undisputed authority that the amount in controversy is determined at the time the action commences, Bailey argues that various settlement demands made (and withdrawn) by Dias after Allstate filed its complaint demonstrate that Dias is now willing to settle for less than originally demanded in his complaint.

To support his arguments, Bailey relies upon inapposite cases. In these cases, the issue was whether, when the defendant removed a state court action, the plaintiff's demand in the state court case clearly met the jurisdictional limit. See, e.g., Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373 (9th Cir. 1997); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996), cited by Bailey. The situation is

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 4 of 16

distinctly different here, where Allstate filed an action directly in federal district court, and the jurisdictional amount is comprised of both Allstate's potential indemnity obligation (the damages sought by Dias against Bailey) and the costs of its potential duty to defend.

The Court should conclude that Allstate's claims meets the jurisdictional amount for federal diversity jurisdiction.

B. Actual Controversy

Bailey argues there is no actual controversy between himself and Allstate because, even though Allstate is paying for a defense it may have no duty to provide, there has not yet been a determination whether Bailey will be held liable to Dias for the damages Dias is seeking.[2] The possibility that Bailey, despite being convicted of reckless endangerment for the shooting incident causing Dias' injuries, might prevail at the tort trial does not change the fact that there is an actual controversy between Bailey and Allstate.

---

[2] Incredibly, Bailey claims "[t]here is no need to litigate in advance who should pay for the defense of Dias' tort claim" because Bailey may prevail in the case filed by Dias. In effect, he argues insurers should be required to pay for the defense of all claims, even those not covered by an insurance policy, regardless of the cost and the unlikelihood the insurer could later recover the costs it had no duty to pay.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 5 of 16

Hunt v. State Farm Mutual Automobile Ins. Co., 655 F. Supp. 284 (D. Nev. 1987), cited by Bailey, explicitly supports Allstate's position that an actual controversy exists. The Nevada district court distinguished the situation in Hunt[3] from the situation here:

> In nearly all of [the federal cases cited by plaintiff] the insurance company brought action against both the insured and the injured party. In nearly all there was a separate case pending in which the injured party sought a judgment against the insured party. Such cases are distinguishable from the present case. In them, there is a real and immediate controversy concerning the insurance company's obligations to the insured vis-à-vis the underlying person injury action. That controversy typically involves the question whether or not the insurance company must defend the injured party.

655 F. Supp. at 287 [emphasis added.][4]

---

[3] In Hunt, the wife of the injured party did not file a claim against the party at fault in the auto accident which injured her husband. Instead, she filed suit against the insurer seeking a declaration that she was entitled to recover under a separate per person limit from her husband.

[4] The other cases cited by Bailey are inapposite on this issue. Zurich Ins. Co. v. Alvarez, 669 F. Supp. 307 (C.D. Cal. 1987) does not deal with the questions of "actual controversy," but concerns the basis for declining to exercise jurisdiction. Nationwide Mutual Ins. Co. v. Fidelity & Casualty Co. of New York, 286 F.2d 91 (3rd Cir. 1961) concerned the arguments of three insurance companies over which policies might be excess, depending upon the eventual results of the underlying tort action. The court found: "To attempt to sift out all the potential verdicts and place the liability of the insurers in each event is not only beyond our powers, it would be a fruitless task." 286 F.2d at 93, n.6.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 6 of 16

This Court has reached the same conclusion concerning an actual controversy:

> The constitutional requirement that there is a case or controversy - that the parties are adverse and the issue to be decided is not hypothetical - is also satisfied. Here, the issue is whether Allstate has a duty to defend and indemnify Charles and Francis Wiseman under its insurance policies in the state court tort action. *See* Docket No. 1. A decision by the Court will have a direct impact on the rights and obligations of the parties. The requirements for statutory and constitutional jurisdiction are therefore met in this case.
>
> Since the issue is whether Allstate has a duty to defend and indemnify Charles and Francis Wiseman, it necessarily follow that Allstate should be entitled to a declaration of its obligations to the parties before the state court action progresses any further, is settled, or goes to trial, since it is possible that Allstate does not have a duty to defend or indemnify Charles and Francis Wiseman and is thus needlessly incurring expenses in defense. This is in fact the paradigm situation for a declaratory action. *See Nat'l Chiropractic*, 23 F. Supp. 2d at 1114.

Exh. I, Order of June 17, 2002, Allstate Ins. Co. v. Fratis.

The Court should find that an actual controversy exists in this case.

C. The Court Should Exercise Its Discretion to Hear and Decide This Action

Federal District Courts have the discretion to hear cases brought by insurers pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(c). National Chiropractic Mut. Ins. Co. v. Doe, 23 F. Supp. 2d 1109 (D. Alaska 1998); June 17, 2002 Fratis Order, Exh. I. Allstate's analysis of the relevant factors for

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 7 of 16

retaining jurisdiction over this case, as described in Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998), is discussed in its opening memorandum at pages 9 - 13. The Court should exercise its discretion to hear and decide this action based on those factors.

Bailey incorrectly argues this Court would have to resolve factual and legal issues which must also be resolved in the state court tort action.[5] The claims made by Allstate, as explored in detail both in this motion and in Allstate's November 3, 2005 summary judgment motion based on the criminal acts exclusion, require the Court to apply facts already conclusively determined by Bailey's criminal conviction to the language of the homeowners insurance policy at issue in this case.

Bailey misstates Allstate's argument in an attempt to establish that this case would intrude on material facts at issue in the tort case. Allstate has never claimed that Bailey intentionally injured Dias, and granting Allstate's renewed

---

5 Allstate of course is not a party in the state court action. The existence of the insurance policy and the interpretation of its terms are not issues relevant to the tort claims or defenses in that lawsuit. Because claims involving the insurance policy are not at issue in the tort action, there is no question of forum shopping, and no question of parallel proceedings. National Chiropractic, 23 F. Supp. 2d at 1118; Ryan v. Sea Air, Inc., 902 F. Supp. 1064, 1066-68 (D. Alaska 1995).

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 8 of 16

motion would not establish that Bailey intentionally injured Dias.

Instead, Allstate argues that the conviction of reckless endangerment irrefutably established that Bailey knew there was a substantial and unjustifiable risk that his actions would seriously injure Dias, and that Bailey consciously disregarded that risk.[6] Regardless of any defenses Bailey may have to Dias' claims, the criminal conviction thus establishes that the

---

[6] The criminal conviction and collateral estoppel issue distinguish this case from three cases cited by Bailey, National Chiropractic, Morris v. Farmers Ins. Exch., 771 P.2d 1206 (Wyo. 1989) and Montrose Chem. Corp. v. Superior Court, 24 Cal. Rptr. 2d 467 (Cal. 1993). In those cases, the courts were concerned the declaratory judgment action would require the litigation of a material fact that was also to be litigated in the tort case. National Chiropractic, Morris, and Montrose Chem. Corp. did not involve the application of facts already determined in a prior criminal lawsuit. Here, the facts relevant to Allstate's motions have already been litigated and conclusively determined by the criminal action against Bailey. In Brohawn v. Transamerica Ins. Co., 347 A.2d 842 (Md. App. 1975), also cited by Bailey, the insurer asserted that the insured's actions were intentional and therefore not covered by the policy. The law in Maryland in 1975, unlike the law in Alaska, apparently was that a party pleading guilty may rebut or explain the plea in a subsequent civil case. 347 A.2d at 848. Even if that were the law in Alaska, it would be irrelevant, because Bailey was found guilty by the jury; he did not enter a plea. (Further, it is not the law in Alaska, where guilty please and no contest pleas are subject to collateral estoppel. Burcina v. City of Ketchikan, 902 P.2d 817 (Alaska 1995); Howarth v. State, 925 P.2d 1330 (Alaska 1996).) The Brohawn court also concluded that where the issue at stake in the declaratory judgment coverage action was the ultimate issue to be decided in an already pending criminal or civil action, it would be inappropriate to grant a declaratory judgment. Here, the facts upon which Allstate's claims rely have already been determined in the criminal action.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 9 of 16

incident was not an "occurrence" or "accident" under the Allstate policy, because an accident is "anything that begins to be, that happens, or that is a result which is not anticipated and is unforeseen and unexpected." Fejes v. Alaska Ins. co., 984 P.2d 519, 523 (Alaska 1999). As this Court found in the Allstate v. Fratis case, the conviction for the reckless behavior estops Bailey from denying he was actually aware of the risk of injury:

> Because [he] was actually aware of the risk, the result of his actions was not unforeseen or unexpected. His actual awareness of the risk of injury . . . resulting from his actions thus precludes a finding that the incident was an accident within the meaning of policy.

Exh. I, June 17, 2002 Fratis Order, at page 9.

As additional support for the Court to exercise its discretion to hear and decide this case, Allstate points out that the Court need not reach the issue of "accident" if the court first considers and grants Allstate's motion for summary judgment based on the criminal acts exclusion. In that motion, filed November 3, 2005, Allstate demonstrates that Bailey's criminal conviction of reckless endangerment establishes that Dias' injuries were ones "which may reasonably be expected to result from the . . . criminal acts" of the insured. Policy, Exh. C, p.31. As a result, the claim for Dias' injuries is excluded from coverage by the policy, and Allstate does not

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 10 of 16

have a duty to defend or indemnify. Bailey's subjective intent is irrelevant to the application of the objective standard of the criminal acts exclusion.

II. <u>CERTIFICATION TO THE ALASKA SUPREME COURT</u>

At page 25 of his October 17, 2005 filing, Bailey asks the Court to certify "the above issues" to the Alaska Supreme Court, apparently referring to his statement that the case "involves issues regarding the interpretation of state criminal statutes in relation to insurance coverage" and "the interpretation of Alaska law regarding collateral estoppel as it relates to Alaska criminal statutes."

Unfortunately, Bailey neglects to articulate specifically what questions he wishes to have certified. As a result, Allstate cannot determine whether it supports or opposes the request for certification. As set out in its motions, Allstate believes the Alaska Supreme Court has provided a map sufficient to navigate the insurance coverage issues presented. If the Court believes there may be issues which perhaps should be certified, Allstate respectfully requests that Bailey be required to specify exactly for what questions he seeks certification, and that Allstate then be given time to respond to that request.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 11 of 16

III. REPLY TO BAILEY'S OPPOSITION TO ALLSTATE'S RENEWED MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO BAILEY'S CROSS MOTION

As discussed above, contrary to Bailey's assertions, Allstate does not claim that Bailey subjectively intended to shoot or injure Dias. Allstate's motion is based on the fact that Bailey's conviction of reckless endangerment conclusively established that Bailey knew there was a substantial and unjustifiable risk that his actions would seriously injure Dias, and that Bailey consciously disregarded that risk, in a gross deviation from the standard of conduct that a reasonable person would have observed. AS 11.42.250; AS 11.81.900(a)(3). As a result, the criminal conviction establishes that Dias' injuries were not "a result which is not anticipated and is unforeseen and unexpected." Fejes v. Alaska Ins. Co., 984 P.2d 519, 523 (Alaska 1999). As this Court stated in the June 17, 2002 Fratis Order, Exh. I, the conviction for the reckless behavior estops the insured from denying he was actually aware of the risk of injury:

> Because [he] was actually aware of the risk, the result of his actions was not unforeseen or unexpected. His actual awareness of the risk of injury . . . resulting from his actions thus precludes a finding that the incident was an accident within the meaning of policy.

Exh. I, June 17, 2002 Fratis Order, at 9.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 12 of 16

The cases cited by Bailey at pages 29-31 of his memorandum do not provide support to defeat Allstate's summary judgment motion, because they would be relevant only if Allstate's motion depended upon establishing that Bailey subjectively intended to shoot and injure Dias. Allstate agrees that subjective intent to actually cause injury is not an element of reckless endangerment. The elements of reckless endangerment upon which Allstate relies for the application of collateral estoppel are that Bailey knew there was a substantial and unjustifiable risk that his actions would seriously injure Dias, and that Bailey consciously disregarded that risk. These facts clearly are elements of the crime of which Bailey was convicted, and establish that the injuries resulting from Bailey's reckless conduct were not unforeseen and unexpected.

Bailey also cites Royal Indemnity Co. v. Love, 630 N.Y.S.2d 652 (N.Y. Sup. Ct., 1995), and cases cited therein, to demonstrate that courts in some jurisdictions have found that reckless acts are covered by insurance policies. In Royal Indemnity, the insured had pleaded guilty to recklessly causing physical injury, and the court concluded there was insurance

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 13 of 16

coverage because the conviction did not establish that the insured acted intentionally.[7]

The analysis in Royal Indemnity that has more relevance to the instant case, however, is the court's distinguishing cases where the policy included a criminal acts exclusion (absent from the Royal Indemnity policy), and the courts concluded the insurer had no duty to defend or indemnify an insured convicted of a crime involving reckless conduct. Allstate again suggests that the Court consider Allstate's summary judgment motion based on the criminal acts exclusion, as a decision on that motion should make considering these cross-motions unnecessary.

Bailey also argues the Court should not apply its reasoning or conclusion in Fratis to this case. He argues the

[7] The cases cited by Royal Indemnity and by Bailey do not support a finding that the claim against Bailey for Dias' injuries are covered by Bailey's Allstate policy. In Andover Newton Theological School, Inc. v. Continental Cas. Co., 566 N.E.2d 1117 (Mass. 1991), the issue was whether a finding the insured acted "willfully" established the insured acted "intentionally," when the court instructed "willfully" could be either knowing the conduct was prohibited by federal law or acting in reckless disregard of whether the conduct was prohibited. Crull v. Gleb, 382 S. W. 2d 17 (Mo. App. 1964) involved the question of whether the intentional acts exclusion applied, which is not at issue here. In Escobedo v. Travelers Ins. Co., 277 Cal. App.2d 353 (Cal. App. 1964), the jury at the underlying tort trial had specifically found the insured acted negligently. The appeals court therefore found the insurer could not maintain, at the trial to enforce payment from the insurer, that "wilful misconduct" was a triable issue.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 14 of 16

underlying facts are too different, and that his trial established he was not responsible for Dias' injuries.

The difference in the underlying facts of the two cases is immaterial to the similar application of collateral estoppel to the two criminal convictions. It is the facts established by the convictions, and not underlying testimony or issues at the trial, to which the court applies collateral estoppel, and which establish the incidents were not accidents.[8] Bailey's conviction establishes he was aware of "a substantial and unjustifiable risk" that Dias would be seriously physically injured, and that Bailey consciously disregarded that risk.

As to the argument that the jury determined Bailey was not responsible for Dias' injuries, the court at Bailey's criminal trial soundly rejected that claim. Exh. J, Transcript of Sentencing Hearing, pp. 18-19 ("In this case I can find based on the jury's verdict that the damage was, in fact, caused by the crime and that was the crime of reckless endangerment.")

IV. CONCLUSION

The Court should find it has jurisdiction and exercise its discretion to hear this case. Based on the arguments set out

---

[8] Conviction of a serious offense is considered conclusive proof of the facts necessarily determined in the criminal proceeding, including the elements of the criminal charge. Scott v. Robertson, 583 P.2d 188 (Alaska 1978), modified by Howarth v. State, 925 P.2d 1330 (Alaska 1996).

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 15 of 16

by the parties, the Court should grant Allstate's motion for summary judgment, and deny the motions filed by Defendant Bailey.

DATED this 8th day of December, 2005, at Anchorage, Alaska.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Insurance Company

By: ______________________
Alfred Clayton, Jr.
ABA No. 9111079

CERTIFICATE OF SERVICE

I certify that on this 8 day of December, 2005, a copy of the foregoing was served by mail on:

M.R. Spikes
Attorney at Law
1050 Plymouth Circle
Wasilla, AK 99654

Jonathon A. Katcher
Pope & Katcher
421 West First Avenue, Suite 220
Anchorage, AK 99501

N:\AKB\854\459\PLEADINGS\OPP.Bailey.Dism.SJ.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

*Allstate Opp to Bailey's Motion to Dismiss and to Bailey's Cross Motion for SJ and Reply to Bailey's Opp to Allstate's Renewed Motion for SJ*
*Allstate Insurance Company v. James Albert Bailey, et al.*
Case No. A05-103 CV (JKS)
Page 16 of 16

Alfred Clayton, Jr.
BLISS, WILKENS & CLAYTON
500 L Street, Suite 200
Anchorage, Alaska 99501
Telephone: 276-2999
Facsimile: 276-2956

Counsel for Plaintiff
Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE COMPANY,

Plaintiff,

vs.

JAMES ALBERT BAILEY, II, and GARY W. DIAS,

Defendants.

Case No. A05-103 CV (JKS)

**AFFIDAVIT OF HARRY VAN GUILDER**

STATE OF OREGON )
) ss.
COUNTY OF WASHINGTON )

Harry Van Guilder, duly sworn upon oath, states as follows:

1. I am Staff Claim Service Adjuster for Allstate Insurance Company at the Oregon Casualty Market Claim Office. I make these statements based upon personal knowledge and a review of Allstate's file relating to the defense of Mr. Dias' claim against Mr. Bailey.

2. Allstate's records show that, in February 2004, James Bailey selected attorney Jonathon Katcher, as his independent

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

counsel to represent him in Dias v. Bailey, Case No. 3AN-04-5168 CI.

3. Defense billings from Mr. Katcher's office relating to Mr. Katcher's defense efforts in Case No. 3AN-04-5168 CI, including costs and fees, through September 30, 2005 total $30,013.65.

HARRY VAN GUILDER

SUBSCRIBED AND SWORN TO before me this 16th day of November, 2005 at Tigard, Oregon.

OFFICIAL SEAL
GARY K MOORE
NOTARY PUBLIC - OREGON
COMMISSION NO. 372757
MY COMMISSION EXPIRES NOVEMBER 15, 2007

Notary Public in and for Oregon
My commission expires: 11/15/2007
For the State of Oregon
County of Washington

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

AFFIDAVIT OF HARRY VAN GUILDER
*Allstate Insurance Company v. James Albert Bailey, II, and Gary W. Dias;* Case No. A05-103 CV (JKS)
Page 2 of 3

CERTIFICATE OF SERVICE

I certify that on this 8Th day of ~~November~~ December, 2005, a copy of the foregoing was served by mail on:

M.R. Spikes
1050 Plymouth Circle
Wasilla, AK 99654

Jonathon A. Katcher
Pope & Katcher
421 West First Avenue, Suite 220
Anchorage, AK 99501

N:\AKB\854\459\PLEADINGS\AFFIDAVIT.Van Guilder.doc

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

AFFIDAVIT OF HARRY VAN GUILDER
*Allstate Insurance Company v. James Albert Bailey, II, and Gary W. Dias*; Case No. A05-103 CV (JKS)
Page 3 of 3