

**FILED**

DEC 14 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ALBERT BAILEY, II, and<br>GARY W. DIAS,<br><br>Defendants. | Case No. A05-103 CV (JKS)<br><br>O R D E R |

Allstate Insurance Company ("Allstate") seeks a declaratory judgment absolving it of the contractual obligation to defend and indemnify its insured James Albert Bailey, II ("Bailey"). Bailey has been sued in state superior court by Gary W. Dias ("Dias"), wherein Dias alleges that Bailey negligently or recklessly shot him. *Dias v. Bailey*, 3AN-04-05168CI. In the criminal trial arising from the same incident, Bailey was convicted by a jury of reckless endangerment. *State v. Bailey*, 3AN-03-13363CR. Allstate argues in two separate motions for summary judgment before this Court that Bailey's criminal conviction relieves it of its duties to defend and indemnify Bailey. Docket Nos. 16 (Renewed Motion for Summary Judgment); 32 (Motion for Summary Judgment based on Criminal Acts Exclusion).

Both Motions appear ripe, or nearly so. Both Defendants have opposed the Motion at Docket No. 16, and Allstate has replied. Docket Nos. 18 (Dias' opp'n); 22 (Reply); 23 (Bailey's opp'n); 40 (reply). Dias has opposed Allstate's Motion at Docket No. 32, and Allstate has replied. Docket Nos. 34 (opp'n); 37 (reply). Bailey's opposition is not due until December 16, 2005. *See* Docket No. 36 (Order granting extension of time to respond). In addition, Bailey has separately moved to dismiss or, in the alternative, certify to the state supreme court, and cross-moved for

summary judgment. Docket No. 23. Dias joins the Motion to Dismiss. Docket Nos. 29; 31. Allstate has submitted oppositions to the Motion to Dismiss and the Cross-Motion for Summary Judgment. Docket No. 40. As of the date of this Order, the respective replies are not yet due.

Nevertheless, the Court has carefully considered the record and is of the view that a decision at this time would benefit the parties and perhaps save unnecessary work in connection with their anticipated oppositions and replies. To the extent the parties' preliminary work on those pleadings would be relevant to this Court's concerns, the parties may incorporate them into their responses to this Order.

Jurisdiction in this case rests upon diversity of citizenship. 28 U.S.C. § 1332. The law of Alaska will govern the parties relative rights and responsibilities. Bailey and Dias argue that Allstate has not proved that its exposure in this case exceeds the jurisdictional minimums for federal jurisdiction: $75,000. The Court is satisfied, however, based upon 35 years as a judge in both state and federal court, that Dias' Complaint, which pegs his damages at more than $50,000, coupled with Alaska Rule of Civil Procedure 82 allowing attorney fees, and the likely costs Allstate will incur if it must pay for a defense of Bailey, will substantially exceed $75,000. The Court is satisfied that it has subject matter jurisdiction.

Bailey contends that this Court should delay any decision until the state tort case is resolved due to the risk that an adverse decision would hinder his defense in the state court action. *See Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F.Supp.2d 1109 (D. Alaska 1998). *National Chiropractic* is distinguishable. In that case, the declaratory judgment action would have likely provided the first judgment defining the insured's actions toward the victim. *Id.* at 1116. Here, Bailey's criminal conviction establishes his liability to Dias. *See Howarth, infra.* The only remaining issues in the state court case involve damages that will not be addressed in this declaratory judgment case. Under Alaska law, Bailey may not contest liability to Dias, but he may seek to limit his damages, including punitive damages, no matter what decision this Court reaches. AS 09.17.020.

Bailey's conviction in the criminal case against him establishes all of the facts necessary to the jury verdict. *See e.g., Howarth v. State Public Defender Agency*, 925 P.2d 1330, 1333-35 (Alaska 1996). Importantly, Bailey was charged with assault in the first degree and did defend at

ORDER

jury trial After considering all of the evidence, the jury convicted Bailey of the lesser included offense of reckless endangerment. Reckless Endangerment is a serious offense as that phrase is understood in Alaska law. Given these facts, the outcome at jury trial does not cast doubt on the fairness or reliability of the judgment. Thus, for purposes of collateral estoppel the jury verdict establishes those facts necessary to its return. What those facts are and what the public policy implication of those findings may require further development.

In its Motion for Summary Judgment at Docket No. 16, Allstate argues that Bailey's criminal conviction collaterally estopps him from contending that the shooting constituted an "occurrence" under the applicable policy of homeowners insurance because an occurrence is defined as an accident and, Allstate reasons, reckless endangerment is inconsistent with an accident. In contrast, Bailey argues that the Supreme Court has only held intentional conduct to negate accident. While Bailey's argument appears inconsistent with the Supreme Court's treatment of causation in *Howarth* given the fact that insurance policies must be construed against the insurer and in favor of the insured, it is not clear that the Alaska Supreme Court would hold that a conviction of a serious crime where the mental state was reckless would foreclose a finding of accident for purposes of insurance. In addition, the parties agree that the Alaska Supreme Court has never specifically addressed the question whether established criminal recklessness negates a finding of accident for purposes of determining insurance coverage. *But cf., Republic Ins. Co. v. Feilder*, 875 P.2d 187 (Ariz.Ct.App. 1994) (holding conviction of assault where required mental state is reckless does not preclude a finding of accident). Therefore, Allstate's Motion for Summary Judgment at Docket No. 16 will be denied.

The Motion for Summary Judgment at Docket No. 32 based upon the criminal act exclusion presents a closer question. The overwhelming weight of authority holds that such clauses in insurance policies are not ambiguous and extend to any criminal conviction regardless of the required mens rea. *See e.g., Littlefield v. Acadia Ins. Co.*, 392 F.3d 1 (1st Cir. 2004) (collecting cases); *American Family Mut. Ins Co. v. White,* 65 P.3d 449 (Ariz. 2003) (distinguishing *Feilder, supra*, on the ground that it involved a limitation on coverage to "accidents" while *White* involved a criminal act exclusion). Nevertheless, some courts have refused to find the criminal acts exclusion

ORDER

binding in similar cases. *See e.g., Allstate Ins. Co. v. Zuk,* 574 N.E.2d 1035 (N.Y. 1991) (considering the same language excluding criminal acts that Allstate's policy in this case includes); *Tower Ins. Co., Inc. v. Judge,* 840 F.Supp. 679 (D. Minn. 1993) (finding reasonable expectations of insured's would limit application of criminal acts exclusion to crimes involving the mens rea of intent). Given this split in authority and the absence of controlling Alaska precedents it appears that the Court has two options. First, it could simply decline to enter a declaratory judgment and remand the case to state court. *See e.g., GEICO v. Dizol,* 133 F.3d 1220 (9th Cir. 1998) (en banc). Secondly, the Court could certify the undecided issues to the Alaska Supreme Court utilizing the procedure set out in Alaska Rule of Appellate Procedure § 407. This Court expressed a preference for certification in *Ryan v. Sea Air Motive, Inc.,* 902 F.Supp.1064, 1068 (D. Alaska 1995). Given the respective caseloads of the state and federal trial courts, this Court felt that the case could be presented to the Supreme Court and a decision reached more expeditiously through certification than through remand.

In any event, a full transcript of the evidence presented in Bailey's criminal trial will be needed in order to frame the issue.

**IT IS THEREFORE ORDERED:**

The Motions for Summary Judgment at **Docket Nos. 16** and **32** are **DENIED**. The parties shall continue to brief Bailey's Motion to Dismiss or Certify at Docket No. 23. The court is interested as to each parties preferred alternative. In any event, Allstate shall obtain and file with the court a full transcript of the evidence presented at Bailey's trial for assault in the first degree and, in addition, shall file with the Court copies of the entire jury instructions. The Court understands that copies of the verdict forms are already in the record of this case as exhibits to motions previously filed.

Dated at Anchorage, Alaska, this 13 day of December 2005.



JAMES K. SINGLETON, JR.
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0103.002.wpd     4

A05-0103--CV (JKS) ᴏᴍ 12-14-05
✓ J. KATCHER
✓ C. CLAYTON JR (BLISS)
✓ H. SPIKES